**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010

(213) 252-9444 (voice) / (213) 252-0091 facsimile
doncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY BROWN,<br><br>       Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, KERN COUNTY SHERIFF MACK WIMBISH, KERN COUNTY SHERIFF'S DEPUTY PRATT (#200536), KERN COUNTY SHERIFF'S DEPUTY HAISLIP, and DOES 1 through 10, inclusive, sued in both their individual and official capacities,<br><br>       Defendants. | Case No.  1:06-CV-00121-OWW-TAG<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 THROUGH 4**<br><br>Trial date: 4/15/08<br>Time: 9:00 a.m.<br>Ctrm: 3 (Fresno) |

Following the April 4, 2008 argument of counsel on plaintiff's Motions in Limine Nos. 1 through 4, the Court rules as follows:

*Re Plaintiff's Motion in Limine No. 1 (prior arrests/convictions)*

Plaintiff's motion is GRANTED IN PART. Defendants and their witnesses shall not make reference to any prior or subsequent arrest of plaintiff, or of any misdemeanor conviction.

For purposes of impeaching plaintiff's credibility only, defendants may use the fact of plaintiff's felony conviction for second degree burglary arising out of this incident. Defendants may also use the fact that plaintiff has sustained additional felony convictions, for purposes of impeachment of plaintiff's credibility only. The Court understands that the parties will enter into a stipulation to the effect that in addition to the felony conviction for second degree burglary, plaintiff has sustained two or more prior felony convictions.

*Re Plaintiff's Motion in Limine No. 2 (information known by the deputies)*

Plaintiff's motion is GRANTED. Defendants are barred from calling any witness to testify on information allegedly relied upon by defendant Sean Pratt in using force against plaintiff, and defendant Royce Haislip, other than defendants Pratt and Haislip. However, this ruling is without prejudice to defendants calling witnesses to corroborate the information Sean Pratt and/or Royce Haislip testified they relied on, should the Court find that defendants' state of knowledge has become an issue in dispute. It is the Court's understanding that defendants Pratt and Haislip will testify before other deputies involved in plaintiff's detention or arrest.

*Re Plaintiff's Motion in Limine No. 3 (opinion testimony on a witness's credibility)*

Plaintiff's motion is GRANTED. Defendants are barred eliciting any testimony on whether plaintiff or any other witness has an opinion, or believes, that any other witness has told the truth or is not credible. However, the parties are not precluded from offering such testimony upon satisfying Rule 608(a), Federal Rules of Evidence.

*Re Plaintiff's Motion in Limine No. 4 (consumption of illegal drugs)*

Plaintiff's motion is GRANTED. Defendants are precluded from offering any evidence that plaintiff or any other witness had consumed any illegal drugs at any time.
///

*Re Plaintiff's Motion in Limine No. 5 (testimony by defense expert Zwickey)*

Plaintiff's motion is GRANTED IN PART. Defense expert witness Jared Zwickey is precluded from testifying to any legal opinion, including an opinion that defendants' conduct was conformity with law. However, Zwickey may testify to police practices, including training and tactics, for which he is qualified, and the application of those practices to the facts of plaintiff's arrest. This includes the training and tactics for the use of police dogs.

DATED: April 17, 2008

/s/ OLIVER W. WANGER
**OLIVER W. WANGER**
Judge, United States District Court